UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 19-40051 |
| PLAINTIFF | * | DEFENDANT'S MOTION FOR HEARING PURSUANT TO FRANKS V. DELAWARE |
| V. | * | AND MOTION TO SUPPRESS EVIDENCE |
| ERIC WALLACE HEDRICK, | * | |
| DEFENDANT. | * | |

The Defendant, Eric Wallace Hedrick, through his attorney, Michael J. Butler, requests this Honorable Court to enter an order suppressing all evidence seized pursuant to three search warrants issued by United States Magistrate Judge Veronica Duffy.

The initial search warrant was issued on January 17th, 2019, and supported by an Affidavit signed on January 16th, 2019, by Department of Homeland Security Special Agent Charla R. Aramayo. Agent Aramayo requested authorization "to open and view an image of suspected child pornography." See Affidavit of January 17, 2019 (submitted under seal).  In paragraph 3, Aramayo states, the image was associated with a Cyber Tipline Report, 43517337, provided to local law enforcement by the National Center for Missing & Exploited Children [NCMEC]. See Attached Cyber Tipline Report. (submitted under seal) (The Report). In paragraphs 11 of her Affidavit, Agent Aramayo writes: "There is probable cause to believe that the image associated with Cyber Tipline Report 43517337 contains child pornography." Id. Paragraphs 12-16 describe the Agent's reasons for her opinion.

Because the suspect image was first identified by Google (Google Photos) and was forward to NCMEC, a second Affidavit was submitted and signed on March 29th, 2019, (submitted under

1

seal), seeking electronic communications and other content stored in Google's accounts associated with a user name later linked to Defendant. Finally, a third search warrant was issued on May, 17th, 2019, based in significant part on the viewing of the suspect image obtained in connection with the initial search warrant. See Affidavit of May 17th, 2019 (submitted under seal). In this Affidavit, Agent Aramayo describes the suspect image as a "prepubescent female taking a 'selfie' in front of a mirror" adding, "[t]he female is nude from the waist down and is holding her shirt up as her legs are spread and genitals are exposed." The resulting search stemming from the third search warrant resulted in the seizure of numerous electronic devices, including cell phones and computers from Defendant and his wife, from his person and residence.

Central to the issue before this court is the NCMEC report. In her Affidavit, Agent Aramayo conveys the unambiguous impression she has first-hand knowledge of how the suspect image was determined to be child pornography. In paragraphs 15-16, she writes:

> (15) I also know that the ISP and ESP use PhotoDNA. PhotoDNA is a software technology developed by Microsoft that computes hash values of images, video and audio files to identify alike imagages. PhotoDNA is primarily used in the prevention of child pornography proliferation. Here, that technology was used to determine that a user of its services posted or transmitted a file with the same hash value as an image that has previously identified as containing child pornography.

> (16) Therefore, there is probable cause to believe that the file identified by Google as outlined in this affidavit, and submitted to NCMEC as a cybertip, as explained in the cypertip report, contains an image or video of child pornography as Google identified the file by hash value and / or PhotoDNA, the value of which was then compared against those hash values or PhotoDNA values associated with the files that have been previously classified as child pornography by NCMEC and / or law enforcement.

Id. See Affidavit of January 17th, 2019 (Bates 0095).

The NECMC report, however, makes clear there is no verifiable, objective facts that PhotoDNA was utilized by Google to determine if the suspect image was child pornography. The Report clearly states NCMEC did not view the uploaded file from Google before sending it to

local law enforcement. (This information is contained in the Affidavit). The NCMEC Report notes that the ESP (Google) did not view the entire file. When "No" is indicated in the Report concerning whether Google reviewed the file, the Report states:

> …When Google responds "No", it means that while the contents of the file were not reviewed concurrently to making the report, historically a person had reviewed a file whose hash (or digital fingerprint) matched the hash of the reported image and determined it contained apparent child pornography.

See NCMEC Report (Bates 0032).

Failing to include the relevant information from the NCMEC Report in her Affidavit and instead asserting definitively in that same Affidavit Google utilized PhotoDNA to determine the suspect image was, in fact, child porn, amounted to willfully misleading the court on a material point essential for assessing whether the Affidavit provided facts sufficient to establish probable cause. Of no less importance is the omission from the Affidavit of information contained in an investigative report prepared by Agent Aramayo: "Google included file report_475370040921783828 which was not viewed by Google officials." See Attached investigative report submitted under seal (Bates 0002).

The evidence gathered directly from the search warrants issued by the court resulted in Defendant's Indictment for Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and 2253.

Respectfully submitted this 8th day of October 2019.

/s/Michael J. Butler, Esq.
Michael J. Butler, Esq.
100 S Spring Ave. Ste. 210
Sioux Falls, SD 57104
605.331.4774
Mike.butlerlaw@midconetwork.com