UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>ERIC WALLACE HEDRICK,<br><br>Defendant. | 4:19-CR-40051-KES<br><br>ORDER AS TO *FRANKS* HEARING |

## INTRODUCTION

Defendant Eric Wallace Hedrick is before the court on an indictment charging him with receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and 2253. See Docket No. 1. Currently pending is a motion to suppress the evidence which the government obtained pursuant to a January 17, 2019, search warrant as well as evidence obtained from subsequently-issued search warrants which built upon the evidence obtained from the January warrant. See Docket Nos. 20 & 27. The government opposes the motion. See Docket No. 25.

## DISCUSSION

Part of Mr. Hedrick's motion is premised on Franks v. Delaware, 438 U.S. 154 (1978). The Court in Franks held a defendant may challenge an affidavit supporting a search warrant on grounds that the affiant deliberately or recklessly included false information. Franks, 438 U.S. at 155-56. A

1

defendant may also challenge the deliberate or reckless *omission* of material information under Franks.  United States v. Reivich, 793 F.2d 957, 960 (8th Cir. 1986).  To prevail on a challenge of a deliberate or reckless inclusion, the defendant has the burden to show (1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit, and (2) that the affidavit's remaining content is insufficient to establish probable cause.  United States v. Gladney, 48 F.3d 309, 313 (8th Cir. 1995).

As a preliminary matter, a defendant is only entitled to a Franks hearing if he makes a substantial showing that an affiant to a search warrant application knowingly or intentionally, or with reckless disregard for the truth, made false statements or omitted material facts and that the alleged statements were necessary to a finding of probable cause.  Franks, 438 U.S. at 155-56.  "Whether [the defendant] will prevail at that hearing is, of course, another issue."  Id. at 172.  The government asserts Mr. Hedrick is not entitled to a Franks hearing, having not made the above-described initial showing.  See Docket No. 25.

The investigation in Mr. Hedrick's case originated when Google made a tip regarding suspected child pornography to the National Center for Missing and Exploited Children (NCMEC).  The tip included a file containing a suspected child pornography image.  NCMEC then passed that tip and accompanying file along to South Dakota child protection authorities and the affiant was assigned to investigate.  The January 17, 2019, search warrant was

a request for the affiant to be allowed to view the image associated with the Google tip to NCMEC.

Mr. Hedrick makes three allegations in support of the Franks portion his motion. First (1), that the affiant lied, misstated, or suggested erroneously that Google, in making its tip, used "Photo DNA" in identifying the image as one that constituted child pornography. Mr. Hedrick also asserts the affiant omitted two material facts: (2) that Google had never viewed the image in the process of making the tip and (3) that NCMEC also never viewed the image in the process of passing the tip along to law enforcement.

Taking the last two allegations first, the affiant stated in the affidavit that "NCMEC did not review" the image included with Google's tip. See Docket No. 20-5 at p. 6, ¶12. The affiant also stated that "the contents of the file were not reviewed [by Google] concurrently to making the report, [to NCMEC]" Id. Thus, contrary to Mr. Hedrick's assertion, it appears that the affiant *did* in fact inform the court that neither Google nor NCMEC had viewed the image which was the subject of Google's tip/report. These allegations do not support holding a Franks hearing.

Mr. Hedrick's other assertion is that the affiant stated Google used Photo DNA to identify the image associated with the tip as child pornography when, in fact, Google did not use Photo DNA. Mr. Hedrick suggests that the information in the affidavit is at odds with the information in the investigative reports.

Paragraph 15 of the affidavit describes Photo DNA technology. See Docket No. 20-5 at p. 7, ¶15. The affiant then states: "Here, that technology [Photo DNA] **was used** to determine that a user of its services posted or transmitted a file with the same hash value as an image that has previously [been] identified as containing child pornography." Id. (emphasis added). This statement, read in isolation, is false. The NCMEC report makes no mention of the use of Photo DNA technology in this case. See Docket No. 20-6. However, reading paragraph 15 in context, particularly with paragraph 16, the overall accuracy of the affidavit as a whole is affected.

Paragraph 16 states: "Google identified the file [in this case] by hash value **and/or** PhotoDNA, the value of which was then compared against those hash values **or** PhotoDNA values associated with files that have previously been classified as child pornography by NCMEC and/or law enforcement." See Docket No. 20-5 at p. 7, ¶16. Clearly, the affiant told the court that her assertion of probable cause in support of the search warrant was based on **either** the hash value identification **or** PhotoDNA. Id.

The second prong of Mr. Hedrick's burden to show entitlement to a Franks hearing requires that he show the affidavit lacks probable cause when one eliminates any mention of Photo DNA. Franks, 438 U.S. at 155-56. Specifically, Mr. Hedrick argues the hash values alone cannot support probable cause because the NCMEC report states only that Google "historically" examines the hash values of a suspect image and compares them against hash values of known child pornography, a fact the affiant repeated in the affidavit.

4

See Docket No. 20-6 at p. 3 (repeated in the affidavit at Docket 20-5 at p. 6, ¶12). Mr. Hedrick argues there is no evidence Google *actually* performed such a hash value comparison in this case. Without such evidence of an actual hash value comparison having been done in this case, Mr. Hedrick argues the affidavit lacks probable cause.

The court will allow a limited Franks hearing on the issue of whether the affidavit is supported by probable cause once any mention of Photo DNA is removed. The court will also allow inquiry into whether the totality of circumstances supports application of the Leon[1] good faith exception to the exclusionary rule.

DATED October 23, 2019.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

---

[1] United States v. Leon, 468 U.S. 897, 921, (1984)